## ELLIS v. MAYOR AND ALDERMEN OF HAZLEHURST.

1. The evidence for the plaintiff examined and found sufficient to withstand a motion for a nonsuit.
2. An express dedication to a municipality of a particularly described parcel of land for use as a public street may be made by parol.
3. Where the confines of the land dedicated to a municipality for use as a street are definitely fixed by the dedicator in his offer of dedication, municipal acceptance of the whole may be implied from improvements or repairs done on a portion of the street by the municipality in recognition of the dedication.
4. Inasmuch as an acceptance of the dedication of a street imposes upon the municipality duties and burdens with respect thereto, an express acceptance must be by authorized officials or the governing body of the municipality.
5. If an owner offers to dedicate land to a municipality for a public street on condition that the whole parcel defined by him must be opened by

the grading of the entire width of the street, and by removing all obstructions therefrom, acts done by the municipality from which an acceptance will be implied must be in compliance with the prescribed condition. But if the intent of the dedicator be to dedicate a street of specified dimension to be opened up by the municipality, and the street is opened up by the municipality so as to meet the exigencies of safe and convenient travel, such acts by the municipality would be sufficient to indicate acceptance of all the land which was dedicated for use as a street.

6. On an issue whether an owner of land had dedicated a certain street, his deed describing the land as .bounded by the street which he intended to dedicate for public use is relevant evidence.

7. On the issue of whether or not an owner of land had dedicated a street to a municipality and marked it out, testimony that the defendant, who was the grantee of the alleged dedicator, and a citizen of the municipality several years after the alleged dedication, shortly before the trial measured the width of the street, is irrelevant.

8. It was error to charge that "most of the evidence only indirectly bears upon the issues of the case."

MAY 16, 1912.

Equitable petition. Before Judge Conyers. Jeff Davis superior .court. May 13, 1911.

*P. L. Smith* and *W. W. Bennett*, for plaintiff in error.

*S. D. Dell,* contra.

EVANS, P. J. This contest is between the City of Hazlehurst and a landowner over the width of Gill street. The landowner was proceeding to erect a fence on what he claimed to be the outer limits of his land abutting on Gill street, and the city filed a petition to enjoin the building of the. fence, which was alleged to encroach twenty feet on the street. The city submitted evidence tending to show the following: Gill street extends westward from Second avenue to the incorporate limits, crossing a branch. In 1898 W. C. Swain owned a tract of land lying westward from the branch and reaching beyond the city limits. He lived on this land, and desired to open a street 80 feet in width from the branch to the corporate limits of the town. Accordingly, in that year, he staked out a street 80 feet in width from the branch to the city limits, and constructed fences on both sides of the street. In some places the fences were a little more than. eighty feet apart. He said to several people that he would give the street to the town if they would open it up. He told his son that he was giving the street to the town to open it up. In 1899 he sold 12 acres of land to Mr. Leeth, "beginning at the old Hand Mill Branch at the

foot of Gill street, and then running 280 yards towards the residence of the said W. C. Swain, down a street eighty feet wide to be given and appropriated to the town of Hazlehurst by the said W. C. Swain, bounding said twelve acres on the south." He also sold land to Mr. Deal, giving Gill street as a boundary. He told another person that "he had donated that 80 foot street to the town if they would open it up." Shortly after these declarations and transactions the city authorities worked the street by grading the road-bed from the branch to the top of the hill, keeping it in repair, and constructing a sidewalk on the north side for about 280 yards. From the top of the hill to the city limits the land was level, and the consistency of the soil was such that the road-bed required very little attention to keep it in good condition. The city's street force, and some citizens who were permitted to do personal labor in lieu of street tax, worked the street, shaping up the road-bed to the top of the hill and cutting the underbrush from the top of the hill to the corporate limits. · The larger trees were not cut, but were left for shade trees. A sidewalk was constructed on the northern side of the street, and the road-bed, including the drain ditches to the top of the hill, was about 35 or 40 feet wide, and from the top of the hill the road-bed was level and had been worked sufficiently to keep it in repair up to the filing of the suit. The defendant, Ellis, purchased a tract of land, which embraced the street in its description, from W. C. Swain in December, 1903. He testified that when Swain sold him the land he told him "that he had opened up that road out there himself, so that he would be able to sell to Mr. Leeth, . . that he intended giving the plaintiff a street, but had not done so." At the time the defendant bought the land from Swain there was just a road opened up about twelve feet wide, and that was all that Swain ever opened up. The fences built by Swain were about 120 feet apart. The defendant had built the fence, with the exception of two panels, at the time of the service of the injunction; and these were built afterwards by permission of the court. The defendant offered testimony as to the amount of the work done by the city, the character of the growth of the timber on the land, and the intention of Swain to give to the city the street if it would open it up.

1. Under the testimony submitted by the plaintiff the jury were

authorized to find a dedication of the street to the city and its acceptance by the city, and the court properly refused a nonsuit.

2-4.   A dedication results where one, being the owner of land, consents either expressly or by his actions that it may be used by the public for any particular purpose.   No particular form is required in making a dedication; it may be done orally or in writing, or it may be inferred from acts or implied from long user.   *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239.   An express dedication of a particularly described parcel of land to a public use may be established by parol evidence, and its acceptance also be so shown. Where an owner of land makes an express dedication of a particular portion of his land to a municipal corporation, its acceptance may be shown by any act of the municipality recognizing the existence of the street and treating it as one of the streets of the city.   Where the extent of the grant is defined by the landowner himself in his statement making an express dedication to a municipality, it is not necessary that the public authorities should work the entire street within the confines of the grant, to make effectual the act of acceptance.   Any improvements or repairs done on the street by the public authorities in recognition of the dedication of a defined strip of land for a street may be regarded as an acceptance of the dedication.   1 Elliott on Roads and Streets, §§ 167, 168, 169.   The distinction should be noted between acts of user when solely relied on to raise an implication of a dedication, and acts of user as evidencing an acceptance of an express dedication.   In the former case a dedication will not be implied beyond the use (*Swift* v. *Lithonia,* 101 *Ga.* 706, 29 S. E. 12), while in the latter the dedicator has definitely fixed the limits of the land dedicated to public use, and proof of any acts by the public authorities, done in recognition of the offer of dedication, will be sufficient to imply an acceptance of the dedication.   An express acceptance is usually shown by the order of some officer or body having jurisdiction in such matters.   Inasmuch as an acceptance of the dedication of a street imposes upon a municipality duties and burdens with respect thereto, if an express acceptance be relied on, it must be by authorized officials or the governing body.   1 Elliott on Roads and Streets, § 166.   It was therefore erroneous for the court to charge the jury, on the subject of express acceptance, that "acceptance

by any official of the city would be presumed to be done by the authority from the city itself."

5. One of the points made by the defendant is that the dedication was made on condition that the entire width of the street should be opened up by the city, and that the failure of the city to cut the trees and remove every obstruction within the 80 feet defeated the dedication. If the dedicator by the act of dedication had expressly provided that the acceptance could be evidenced only by such acts, there could be no acceptance except in compliance with the terms imposed by the dedicator. On the other hand, if the intent of the dedicator was to dedicate a street of a specified dimension to be opened up by the city, if it was opened up by the city so as to meet all the exigencies of safe and convenient travel, such acts by the city would be sufficient to indicate acceptance of all that was dedicated.

6. Over the defendant's objection the court allowed in evidence a deed to J. W. Leeth from W. C. Swain, the defendant's predecessor in title, recorded prior to the defendant's purchase, wherein the land conveyed was bounded as follows: beginning at the old Hand Mill Branch at the foot of Gill street, and running two hundred and eighty yards toward the residence of W. C. Swain, down a street eighty feet wide to be given and appropriated to the town of Hazlehurst by W. C. Swain, bounding said twelve acres on the south, etc. This deed was admissible as a declaration of the dedicator of his intention to donate the street to the town. The deed from Leeth to Miles was inadmissible, being res inter alios acta.

7. The court allowed testimony to the effect that a witness and the defendant, just prior to the filing of the suit, measured the street and staked it off. While this testimony bore no relation to the act of dedication, its admission was not harmful to the defendant.

8. Complaint is made of a preliminary instruction by the court that "most of the evidence only indirectly bears upon the issues in this case." This remark of the court was inapt. Its tendency was to confuse the jury as to what evidence bore directly on the case, and that which indirectly illustrated the issue.

*Judgment reversed. All the Justices concur.*