21158. CARROLL *et al.* v. DEKALB COUNTY *et al.*

SUBMITTED FEBRUARY 14, 1961—DECIDED MARCH 9, 1961.

*Carl T. Hudgins,* for plaintiffs in error.

*George P. Dillard, Herbert O. Edwards,* contra.

GRICE, Justice. The trial court denied the request of a property owner for interlocutory injunction against a proceeding by the county to condemn a portion of her real estate for road purposes. The material facts may be summarized as follows:

DeKalb County instituted condemnation proceedings to acquire from Mrs. Veatrice Lewis Carroll and others a strip of land measuring 16 feet on one side and 18.6 feet on the other, and extending 86 feet along their frontage contiguous to the existing right of way on Main Street in Tucker, Georgia.

Mrs. Carroll was the only defendant to file pleadings. Her attack was two-fold. First, she alleged that it would be inequitable and unjust to allow this portion of her property to be thus taken, that the county was acting arbitrarily, oppressively and in bad faith, in that it was not seeking to acquire any portion from owners on the opposite side of the street. Secondly, she alleged that she was the owner of an additional strip which extends across the entire 86-foot frontage of her property on Main Street, and which is approximately 13 feet in width; that this additional strip lies parallel to and between the strip sought to be condemned and the paved portion of Main Street; that while this additional strip was, with other frontage, dedicated as a 60 foot street many years ago, such strip was never accepted by the county and was continuously used by Mrs. Carroll and her

predecessors; that this strip was not included in the condemnation proceeding; and that the county intends to include such omitted strip in the road-widening project without compensating her for it. She prayed for injunction against the condemnation proceeding and the taking or using of the omitted strip, or, alternatively, that the county be restricted to the original 60 foot street right of way.

Upon a hearing for interlocutory injunction, evidence was presented but injunctive relief was denied. Assigning such denial as error, Mrs. Carroll brought her case to this court.

Thus, the issue presented is whether, under the evidence, the denial of the interlocutory injunction was an abuse of discretion. As we view it, there are two controlling questions. First, did DeKalb County fail to exercise its discretion, or abuse its discretion, in the condemnation proceeding? Second, was the omitted strip, i.e., the strip lying between the portion sought to be condemned and the paved portion of the street, already the property of the county as the result of a prior dedication?

■ The property owner contends that there is no evidence that the Board of Commissioners of Roads and Revenues exercised any discretion whatever in determining the location and boundaries or manner of improvements here; but that the board left these matters to its engineering department personnel, who were not vested with discretion which by law only the board can exercise; and further, that the evidence fails to show that the board itself took any official action as to this condemnation. She also contends that the persons who made the determination of the location and manner of this improvement did so arbitrarily, oppressively and without authority of law, and that such arbitrariness, oppression and unlawfulness are apparent in that no property was being taken from owners on the opposite side of the street, although a bulge had been created by their enroachment into the street.

Such contentions are not meritorious. The evidence was sufficient to authorize the trial judge to find that the board exercised discretion instead of abandoning this function to subordinates, and also that the board did not abuse its discretion. The Director of Public Work for DeKalb County, an engineer,

after identifying this project with respect to maps and drawings applicable to the property in question here, testified that he and the engineering staff alone determined "that it would be more practical to bring it over on the other side [Mrs. Carroll's side]," but that "this condemnation proceeding, my plan was submitted to the Board of Commissioners." Later, he testified, "As to whether I had any authority for beginning this construction, I do not undertake any capital improvement without instructions or authority from the Board of Commissioners. As to who directed me to proceed with this particular project, that was the Board of Commissioners of DeKalb County."

The board, as the governing authority for DeKalb County, had the authority to lay out and alter streets. Ga. L. 1956, p. 3237, § 12 (g), at p. 3248.

"A large discretion is vested in a party having the right to condemn, in the selection of the particular property to be condemned; and such selection should not be interfered with or controlled by the courts, unless made in bad faith, or capriciously or wantonly injurious, or in some respect beyond the privilege conferred by statute or its charter." *Piedmont Cotton Mills v. Georgia Ry. &c Co.*, 131 Ga. 129, 134 (62 S. E. 52). Also, "In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken." *King v. City of McCaysville*, 198 Ga. 829 (2) (33 S. E. 2d 99). See also *Kellett v. Fulton County*, 215 Ga. 551 (111 S. E. 2d 364).

■ As to the second question, whether the county had previously acquired by dedication the omitted strip, i.e., the strip lying longitudinally between the paved portion of the street and the portion of Mrs. Carroll's property sought to be condemned, the contentions of the parties are quite diverse. The county's position is that it already owned this omitted strip because of prior dedication, both express and implied, and thus was not required to include it in the condemnation. On the other hand, Mrs. Carroll contends there had been no *express* dedication whatever. She further claims that although many years ago there may have been an *implied* offer of dedication, such offer had

never been accepted by the county and therefore the omitted strip still belonged to her and should have been included in the proceedings.

The essentials of dedication to public use are an offer, either express or implied, by the owner and an acceptance, either express or implied, of the use of the land by the public or public authorities. *Code* § 85-410; *Brown v. City of East Point,* 148 Ga. 85 (95 S. E. 962); *Chatham Motorcycle Club v. Blount,* 214 Ga. 770 (107 S. E. 2d 806).

(a) There was an intention to dedicate in the form of an express offer.

True, there was no deed or grant of dedication, but there was a plat which looms large in the factual picture. Both Mrs. Carroll and her brother, Hugh Lewis, testified that their father, G. R. Lewis, the predecessor in title to Mrs. Carroll's property, prepared a plat in 1911 and recorded it in the county clerk's office. This plat, introduced in evidence, shows a 60 foot street longitudinal of her lot now in question, which includes the omitted strip. This plat also shows other property, then and later owned by Mrs. Carroll's mother and by third persons, as fronting on said 60 foot street. Mrs. Carroll and her brother testified that they had always honored this plat and recognized the 60 foot street right-of-way as shown on it. Her brother also testified that long ago iron pins were placed pursuant to the plat so as to mark the front corners of this and other fronting lots in order to show the bounds of the 60 foot street. Mrs. Carroll in her answer set forth that 60 years or more ago the corners and corner markers of her property were set back so as to allow for a width of 60 feet for the street fronting her property.

An offer of dedication may be made in a variety of ways. A comprehensive treatment of this subject is given in *Dunaway v. Windsor,* 197 Ga. 705 (30 S. E. 2d 627), which, at page 708, states: "Dedications have been established in every conceivable way by which the intention of the party can be manifested. Where a plat is made and recorded and lots are sold with reference thereto, the requisite intention is generally indisputable. The intention may also be established by parol evidence of acts or declarations which show an assent on the part of the owner

of the land that the land should be used for public purposes."
See also *Bayard v. Hargrove*, 45 Ga. 342; *East Atlanta Land
Co. v. Mower*, 138 Ga. 380 (75 S. E. 418); *Harris v. Powell*,
177 Ga. 15 (169 S. E. 355); *Owens Hardware Co. v. Walters*,
210 Ga. 321 (80 S. E. 2d 285). For further treatment of ex-
press offer to dedicate shown by plats, see 16 Am. Jur. 365, 366,
Dedication, § 22; 26 C. J. S., 425, 426, 437, 439, Dedication, §§ 14,
15, 22.

The evidence here authorized a finding of an *express offer* of
dedication as to the omitted strip, since it lay within the 60 foot
platted street as marked by iron pins. Having thus held, it is
not necessary to determine whether dedication was also shown
by reason of any implied offer.

(b) Acceptance was also shown.

Improvements and repairs were made by the county on a
portion of the 60 foot street as defined upon the plat above
referred to. In her testimony Mrs. Carroll fixed the date of the
partial paving of the street at about 1933, and stated that pre-
viously thereto the county had kept the street graded. Her
brother testified that he had long been familiar with this property
and the street and that the 26 foot width of pavement was laid
within the 60 foot right of way shown on the plat above referred
to. Another witness gave evidence that he had known this street
for about 40 years, had "seen it go from a mudhole to a paved
road," and had seen the county putting in water and sewer
lines in the street.

The foregoing testimony is restricted to work done by the
county on the paved portion of the street, and does not relate
to the omitted strip which Mrs. Carroll contends should have
been included in the condemnation.

As to the omitted strip, the evidence is in sharp conflict whether
the county worked it at all. But we need not recite or discuss
that here, because the rule is well established as to what area
must be maintained or repaired to constitute acceptance of an
express dedication.

In *Ellis v. Mayor &c. of Hazelhurst*, 138 Ga. 181 (75 S. E. 99),
the court held: "Where the extent of the grant is defined by the
landowner himself in his statement making an *express* dedica-

668

tion to a municipality, it is *not necessary* that the public authorities should work the entire street within the confines of the grant, to make effectual the act of acceptance. *Any* improvements or repairs done on the street by the public authorities in recognition of the dedication of a defined strip of land for a street may be regarded as an acceptance of the dedication." (Emphasis supplied.) To the same effect is *Adams v. Richmond County*, 193 Ga. 42 (17 S. E. 2d 184).

The *Ellis* opinion also calls attention to a distinction which applies to the instant situation: "The distinction should be noted between acts of user when solely relied on to raise an implication of a dedication, and acts of user as evidencing an acceptance of an express dedication. In the former case a dedication will not be implied beyond the use (*Swift v. Lithonia*, 101 Ga. 706, 29 S. E. 12), while in the latter the dedicator has definitely fixed the limits of the land dedicated to public use . . ." The recent case of *R. G. Foster & Co. v. Fountain*, 216 Ga. 113 (114 S. E. 2d 863), reaffirms this rule.

The facts here, measured by the above decisions, authorized a finding of acceptance by the county, making the dedication complete.

3. In view of the foregoing, the trial judge did not abuse his discretion in denying the interlocutory injunction. The judgment is therefore

*Affirmed. All the Justices concur.*