## 23479. YOUNG v. SWEETBRIAR, INC.

ARGUED MAY 10, 1966—DECIDED JUNE 9, 1966.

*Smith, Spears & Sears, Ted D. Spears,* for appellant.

*William H. Duckworth, Jr., Grant, Spears & Duckworth,* for appellee.

COOK, Justice. ■ Where the owner of a tract of land subdivides it into lots and records a map or plat showing such lots, with designated streets, and sells lots with reference to such map or plat, the owner will be presumed to have expressly dedicated the streets designated on the map to the public. *Bayard v. Hargrove,* 45 Ga. 342; *Carroll v. DeKalb County,* 216 Ga. 663, 665 (2) (119 SE2d 258). "Where an owner of land makes an express

dedication of a particular portion thereof for use as a public street, its acceptance may be shown by any act of the municipality recognizing the existence of the street as such, and treating it as one of the streets of the city." *Lastinger v. Town of Adel,* 142 Ga. 321 (1) (82 SE 884).

"Where land is dedicated to, and accepted by, a city for street purposes, such dedication inures to the benefit of the public and abutting property owners who bought abutting property by reference to plats showing such streets; and such dedication can not be abandoned by the dedicatee by mere nonuser." *Harris v. Powell,* 177 Ga. 15 (2) (169 SE 355); *City of Albany v. Lippitt,* 191 Ga. 756, 762 (13 SE2d 807).

After an owner of land has made a dedication of designated land for public streets, and the public authorities have accepted the dedication, the owner can not revoke the dedication by a sale of the land. *Mayor &c. of Macon v. Franklin,* 12 Ga. 239; *Bayard v. Hargrove,* 45 Ga. 342, supra. "When a grantor sells lots of land, and in his deeds describes them as bounded by streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantees' right to use the streets delineated in such plat. . . By parity of reasoning those claiming under such conveyances are estopped from denying the existence of the streets so delineated upon the plat of the subdivision and given as boundaries of lots acquired by these and others from the grantor or those claiming under him. All persons claiming under such grantor are forever estopped to deny their existence." *Tietjen v. Meldrim,* 169 Ga. 678, 697 (151 SE 349); *Rahn v. Pittman,* 216 Ga. 523 (1) (118 SE2d 85).

A landowner may maintain a suit in equity to enjoin interference with his means of ingress to and egress from a public street, when such interference amounts to a continuing nuisance or trespass, and where an injunction would prevent a multiplicity of suits. *Barham v. Grant,* 185 Ga. 601, 606 (196 SE 43); *Holland v. Shackelford,* 220 Ga. 104 (2) (137 SE2d 298). Allegations of the refusal by the defendant to allow the petitioner to come on the property alleged to be a public street, and the assertion by the defendant of his intention to appropriate the prop-

erty to his exclusive use, are sufficient to allege a continuing nuisance. Compare *Rahn v. Pittman,* 216 Ga. 523, supra.

The petition in the present case stated a cause of action for injunction, and the trial judge did not err. in overruling the general demurrers. Special demurrers raising questions as to the proper measure of damages were not ruled on by the trial judge.

■ It is strongly urged by the appellant that the trial judge abused his discretion in granting the interlocutory injunction. The evidence at the hearing showed that a predecessor in title of the appellant subdivided property and designated a street as Patricia Drive on the plat of the subdivision; and that this street was opened and used as a public street. The real controversy between the parties is as to whether a strip of this designated street of approximately 10 feet, abutting the property of the appellant and at the end of the street abutting the property of the appellee, was dedicated by the owner' and accepted by the City of Morrow as a public street.

The original plat of Unit I of the Clayton Forest Subdivision shows Patricia Drive as a continuous street from the point where it intersects Georgia Highway No. 54 to the point where the property of Clayton Forest, Inc., adjoins the property now owned by the appellee. This plat was recorded in Plat Book 5, at page 216, and it is the plat to which reference is made in describing the property conveyed in the deeds forming the chain of title from Clayton Forest, Inc., to the appellant. A subsequent plat, denominated a "Revised Survey" of Unit I of Clayton Forest Subdivision was recorded in Plat Book 5, at page 276. It is the contention of the appellant that this plat shows a cul-de-sac at the point where Patricia Drive abuts the property of the appellee, and that the revised plat and the quitclaim deed dated May 1, 1965, from Clayton Forest, Inc., to the appellant, conveying a strip of land approximately 10 feet wide across this end of Patricia Drive, show that it was not the intention of Clayton Forest, Inc., to dedicate this strip to public use.

By examination of the revised plat we find that numerous revisions were made in the dimensions of the lots in the subdivision. Patricia Drive appears on the plat exactly as in the former plat with the exception that at the end of the street

abutting lots 7 and 8 (lot 8 being the property owned by the appellant) lines are shown curving into lots 7 and 8. These curved lines may indicate a cul-de-sac, but they do not meet within the property of the Clayton Forest Subdivision, and the street remains open at the property line on this revised plat. The revised plat indicates no reservation of a strip of land within the subdivision closing Patricia Drive.

The trial judge was authorized to find that Clayton Forest, Inc., dedicated Patricia Drive for the use of persons purchasing lots in the subdivision and for the use of the public, and that this street extended continuously from Georgia Highway No. 54 to the property now owned by the appellee.

Copies of plats were introduced in evidence, certified by the Honorable Ben W. Fortson, Secretary of State and Surveyor-General of the State, as having been submitted to his office by the City of Morrow, through its Mayor, on March 8, 1963, pursuant to Ga. L. 1962, p. 119. These plats show Patricia Drive as a continuous street from Reynolds Drive to Georgia Highway No. 54. This evidence was sufficient to show that the City of Morrow had accepted the dedication of Patricia Drive by the appellant's predecessor in title, Clayton Forest, Inc. *Adams v. Richmond County,* 193 Ga. 42, 47 (17 SE2d 184).

Since the trial judge was authorized to find that the entire length of Patricia Drive, as shown by the plats filed by Clayton Forest, Inc., had been expressly dedicated as a public street, and had been accepted by the City of Morrow, prior to the date that Clayton Forest, Inc., attempted to convey a strip of 10 feet of this street to the appellant, the judge was authorized to find that Clayton Forest, Inc., had no right to convey this property to the exclusive use of the appellant, and that the appellant acquired no right to close this public street by the quitclaim deed.

While the evidence was undisputed that this strip of land had never been used as a street, the mere non-user of this portion of the street, which was within the definitely fixed limits of the express dedication, would not amount to an abandonment of it. *Harris v. Powell,* 177 Ga. 15 (2), supra; *City of Albany v. Lippitt,* 191 Ga. 756, 762, supra.

The trial judge did not abuse his discretion in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who is disqualified.*