25282. JACKSON et al. v. CHATHAM COUNTY et al.

ARGUED JULY 14, 1969—DECIDED SEPTEMBER 9, 1969— REHEARING DENIED OCTOBER 9, 1969.

*Richard J. Harris*, for appellants.

*James F. Becton, Anton F. Solms, Jr., Gene F. Dyar*, for appellees.

ALMAND, Chief Justice. In this appeal we review an order denying a motion for summary judgment.

Katherine P. Jackson and others filed an equitable complaint against seven named individuals in their official capacities as Commissioners of Chatham County, and ex-officio judges thereof, and against George and John Mosher.

It was alleged: (1) that in June, 1911, certain named parties conveyed to Chatham County a strip of land 30 feet wide (as shown in a described map), "for the purpose of making a pub-

lic road and highway of the same with a public landing on Vernon River forever, and to and for no other use, intent or purpose whatsoever"; (2) that Chatham County, through its commissioners, caused a public road and public causeway to the Vernon River to be constructed and maintained within said strip; (3) that the defendants Mosher are owners of Front Lots 7 and 8 and the marshland appurtenant thereto, under a final decree of Chatham Superior Court in which said strip was declared to be a public road, and, "should not be used by either parties so as to impair its reasonable use by the public, including the parties hereto"; (4) that the defendant commissioners on November 25, 1960, adopted a resolution which recited that the easement had long since been abandoned and that the present owners (defendants Mosher), who acquired the property over 15 years ago, have had charge and custody of the easement and causeway; (5) that on November 29, 1960, the chairman of the county commissioners executed and delivered to the defendants Mosher its deed quitclaiming any and all interest Chatham County had in said easement and causeway, which deed was recorded in the office of the Clerk of the Superior Court on January 25, 1961; (6) that certain stated facts in the resolution of the commissioners as to the easement and causeway were false, and that the county had installed and maintained the easement and causeway as a public road; (7) that said resolution was adopted by the board of commissioners without giving prior notice to the owners of all of the land adjoining the public road and causeway of the intent of Chatham County to abandon the road as required by *Code* § 95-207; (8) that the defendants Mosher, in February, 1966, caused a large gate to be erected across said road and causeway, thereby blocking the remaining portion of said right of way, this being the first notice to the plaintiffs of the county's purported abandonment of the road.

The prayers of the complaint were: (a) that the purported quitclaim deed from Chatham County to the defendants Mosher be canceled; (b) that the defendants Mosher be enjoined from maintaining any type of obstruction in the road that would interfere with its use by the plaintiffs and the general public;

and (c) for a writ of mandamus requiring the defendant commissioners to repair and maintain, "said abandoned right of way and causeway for the benefit of all residents, citizens and taxpayers of Chatham County."

The defendants filed their answer in which all of the material allegations of the complaint were denied. Other defensive pleadings were also filed, one being a plea of laches by the defendants Mosher.

On November 30, 1967, the plaintiff, Katherine P. Jackson, filed her motion for a summary judgment in which she prayed for a judgment: (1) overruling the plea of laches by the defendants Mosher, and (2) canceling the commissioner's resolution of November 25, 1960, and the purported quitclaim deed of November 29, 1960. On the hearing of this motion for a summary judgment, the court had before it certain affidavits of the plaintiff Jackson and others in support of her motion; and certain affidavits of the defendant commissioners and defendants Mosher.

The court, on April 16, 1969, entered an order: (1) denying the motion of Katherine P. Jackson for a summary judgment seeking: (a) a judgment setting aside, canceling or rescinding the resolution and quitclaim deed and (b) a judgment overruling the plea of laches.

■ (a) In order to obtain the cancellation of the quitclaim deed, and require the county to maintain the strip in question as a public road, the plaintiffs must prove: (1) that this strip was a public road and (2) that it had not been abandoned according to law under *Code* § 95-207.

The deed conveying the strip of land to Chatham County was an effort on the part of the grantors to dedicate the land for public use. *Code* § 85-410. Where there has been an express offer, as here, on the part of the owner to dedicate the land to the public, there must still be shown an acceptance, express or implied, of the use of the land by the public authorities. *Brown v. City of East Point,* 148 Ga. 85 (95 SE 962). An implied acceptance by the public authority may be shown by proof that such authority maintained, improved or repaired the strip as a public road. *Lastinger v. Town of Adel,* 142 Ga. 321

(82 SE 884). *Code* § 85-1403 provides: "An easement may be lost by abandonment, or forfeited by nonuser, if the abandonment or nonuser shall continue for a term sufficient to raise the presumption of release or abandonment."

Whether there has been an abandonment of an easement by the public authority under the above Code section is a mixed question of law and fact (*Gaston v. Gainesville &c. R. Co.,* 120 Ga. 516 (48 SE 188); *Hames v. City of Marietta,* 212 Ga. 331 (6) (92 SE2d 534)), and is for the jury whenever the evidence is in conflict. *Moxley v. Adams,* 190 Ga. 164 (8 SE2d 525).

On behalf of the plaintiff Jackson, there was evidence that the county authorities had worked and maintained this strip of land as a public road. There was evidence on behalf of the county authorities that said strip had never been accepted by them as a public road, either expressly or by working or maintaining the same. The conflict in evidence constituted a genuine issue of fact for the jury.

(b) Whether the defendants Mosher are estopped to deny that the strip of land is a public road by virtue of the decree in the earlier litigation, in which plaintiff Jackson's predecessor in title and the Moshers were parties, is an issue that will have to be determined in the final trial of this case. Chatham County authorities were not parties to the case in which the decree was rendered, and new facts or rights might have been acquired which were not involved in the controversy between the parties to the earlier case. *Marietta Chair Co. v. Henderson,* 121 Ga. 399 (40 SE 312, 104 ASR 156, 2 AC 83); *Harbuck v. Richland Box Co.,* 207 Ga. 537 (3) (63 SE2d 333).

■ Error is enumerated on the order striking as parties plaintiff all persons except Katherine P. Jackson. It does not appear from the complaint that any of the named plaintiffs other than Katherine P. Jackson owned any property upon which the alleged road abutted. Therefore, they were not entitled to any notice of the intention of the county authorities to abandon the same. *Avery v. Berry Schools,* 211 Ga. 581 (87 SE2d 401). Whatever relief plaintiff Jackson may obtain against the defendants jointly or separately will inure to the benefit of the parties stricken.

It was not error to sustain the special demurrer of the defendants Mosher.

■ In the plaintiff Jackson's motion for a summary judgment, she contended that the court should strike the plea of laches interposed by defendants Mosher.

The pleadings and affidavits disclose that the defendant commissioners executed a quitclaim deed to defendants Mosher in November, 1960, and it was recorded in the public records in January, 1961. They further disclose that the present action was filed on December 18, 1967, and that since the execution of the quitclaim deed in November, 1960, four of the commissioners have died. This plea presented an issue of fact for the jury. *Sweatman v. Dailey*, 162 Ga. 295 (6) (133 SE 257).

The judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*