## 27513. LEE v. WARREN et al.

GUNTER, Justice. This appeal involves essentially one issue: whether a strip of land sixty feet wide and two hundred feet deep is the property of the appellant or a public street.

The strip of land in question, hereinafter referred to as

Ashdun Court, was located between Lot 13 of Parkcrest West Subdivision and Lot 1 of Brooklawn Manor Subdivision. Both subdivisions were developed during the 1960's by appellant at a time when he, or he and his associates, owned all the land comprising Lot 13, Ashdun Court, and Lot 1. Lot 13 and Lot 1 both fronted on West Nancy Creek Drive, and Ashdun Court, which was located between the two lots, extended from West Nancy Creek Drive, a distance of two hundred feet to the rear property line of the two lots.

Subdivision plats showing Lots 13 and 1 with the Ashdun Court property between them but merely designated "future street" were filed in the DeKalb County real property records.

Lot 1 was sold by the appellant and the purchaser constructed a residence on it. However, Lot 13 was retained by the appellant, and this litigation came about when he started construction on Lot 13 plus a part of the Ashdun Court property. The appellant's contention was that the Ashdun Court strip of land was owned by him, had not been dedicated or accepted as a public street, that it was not a public street, and that he had a right to build a structure on it and his Lot 13.

The transcript shows that DeKalb County regulations require that street rights-of-way must be sixty feet, that streets must be built to DeKalb County specifications by the subdivision developer, and constructed streets must be maintained by the developer for one year before acceptance for maintenance by DeKalb County.

The transcript shows that the appellant began construction of Ashdun Court in accordance with the county's specifications in 1969 or 1970, but the transcript does not disclose when the construction was completed.

DeKalb County officially accepted Ashdun Court for maintenance as a public street on April 26, 1972.

However, that official acceptance was many months after the appellant had contended that the Ashdun Court property was not a public street and that it could be used by him in conjunction with his Lot 13 for building purposes.

When appellant attempted to erect a structure on Lot 13 and part of the Ashdun Court property in 1971, the county took the position that he could not use the sixty foot right-of-way and that any structure located on Lot 13 must be set back thirty-five feet from the Ashdun Court right-of-way in accordance with the zoning ordinance of DeKalb County. The appellant took the position that the Ashdun Court property was not dedicated right-of-way, that he could erect a structure on it, and since it was not dedicated right-of-way he did not have to set back thirty-five feet from it in erecting a structure on his Lot 13.

The appellant brought this action below against the appellees to enjoin them from interfering with his ownership and use of the Ashdun Court property. The trial judge heard evidence and ruled against the appellant's contentions. His judgment enjoined the appellant from erecting any structure within the Ashdun Court right-of-way and further enjoined him from erecting any structure on Lot 13 within thirty-five feet of the right-of-way of Ashdun Court. The appellant, being dissatisfied with that judgment, has appealed.

We affirm the judgment below.

Code § 85-410 provides that if the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes.

In this case the appellant owned all the land in question

which he subdivided into lots by recorded plats, and the recorded plats showed the Ashdun Court property as a "proposed street." The appellant developed the Ashdun Court property in accordance with the requirements and specifications of the county for use as a public street. But prior to its official acceptance by the county as a public street for maintenance purposes, the appellant changed his mind and contended that the recorded plats were merely an "intended dedication" that was never consummated.

In *Stanfield v. Brewton,* 228 Ga. 92, 95 (184 SE2d 352), (1971) we held as follows: "Where the owners of a tract of land subdivide it into lots, record a map or plat showing such lots, with designated streets and a public park, and sell lots with reference to such map or plat, the owners are presumed to have irrevocably dedicated such streets and park for the use of all of the lot owners in the subdivision. [Cits.] The owners of lots in the subdivision have an easement in these public areas whether or not there has ever been an acceptance of the dedication by public authorities or the public generally. [Cits.]"

It is therefore clear that the owners of purchased lots in the subdivision could enforce this implied dedication of Ashdun Court as a public street. The question here is can DeKalb County enforce this implied dedication at a time prior to its official acceptance of the street as a public street for maintenance by the county?

DeKalb County has adopted a zoning ordinance, and zoning ordinances are adopted for "the public accommodation" as those words are used in Code § 85-410. Therefore, since the "public accommodation" will be materially affected by the reappropriation of the land impliedly dedicated for street purposes, the county has standing to enforce its implied dedication and prohibit its reappropriation by the former fee-owner.

*Judgment affirmed. All the Justices concur.*
ARGUED OCTOBER 11, 1972 — DECIDED FEBRUARY 8, 1973 — REHEARING DENIED FEBRUARY 22, 1973.

*Davis, Lipman & Carlisle, William R. Carlisle, J. Max Davis,* for appellant.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellees.