29982. ROSS et al. v. HALL COUNTY BOARD OF COMMISSIONERS.

HALL, Justice.

Plaintiffs in this case are residents of Mountain View Lake Estates, a subdivision in Hall County. They seek mandamus of the county commissioners to repair approximately three miles of roads within the subdivision under the authority of Code Ann. § 64-102. The county commissioners have refused to repair the roads, however, on the basis that the roads have never been dedicated to the public and accepted by the county, but are private roads which the commissioners have no responsibility to maintain. Plaintiffs appeal from a jury verdict in favor of the defendants asserting as error both the failure of the trial court to grant a judgment notwithstanding the verdict, or in the alternative a new trial, and error in the

charge to the jury.

A private landowner may dedicate land by setting it apart for public use (Code Ann. § 85-410), but it must be accepted by the county before it becomes a county road. *Tift v. Golden Hardware Co.,* 204 Ga. 654 (51 SE2d 435); *Ellis v. Mayor &c. of Hazlehurst,* 138 Ga. 181 (75 SE 99). Both *dedication* and *acceptance* may be *express* or *implied* as long as a clear intent is manifested. *Dunaway v. Windsor,* 197 Ga. 705 (30 SE2d 627); *Penick v. Morgan County,* 131 Ga. 385 (62 SE 300).

The evidence reveals that Canadian-American Development Corp., Inc. (CADC) planned to develop a private yacht club along Lake Lanier in Hall County to be called the Atlanta Cabana Yacht Club. When it was discovered that the survey was incorrect, the ensuing delay caused by renewed negotiations with the Corps of Engineers forced CADC to return all the money collected from prospective members and abandon its club plans. Instead, a mixed resort and residential subdivision, Mountain View Lake Estates, was conceived for the property, and by 1967 development was well under way.

In November, 1967, Milton Allen, president and majority stockholder of CADC, deeded the land for the roads to Hall County at the county commissioners' office on a form supplied by them. The deed was signed, "Milton Allen, Pres., Canadian-American Development Corp., Inc.," witnessed by the administrative assistant to the commissioners and their secretary, and recorded. The defendant commissioners, however, objected to this deed as evidence of express dedication of the roadways because it was not properly executed. Citing *Allen v. Arrow Contracting Co.,* 110 Ga. App. 369 (138 SE2d 600), defendants correctly contended that the deed did not bind the corporation, which owned the land, but merely Mr. Allen, the words with his name being merely descriptive of him individually. *Latham Plumbing &c. Co. v. Ledbetter Trucks, Inc.,* 96 Ga. App. 219 (99 SE2d 545). See, *Potts-Thompson Liquor Co. v. Potts,* 135 Ga. 451 (69 SE 734); *Brown v. Bass,* 132 Ga. 41 (63 SE 788); *Bale v. Todd,* 123 Ga. 99 (50 SE 990).

However, defendants ignore the fact that there are other express means than by deed to dedicate land for

public use. "Where the owner of a tract of land subdivides it into lots and records a map or plat showing such lots, with designated streets, and sells lots with reference to such map or plat, the owner will be presumed to have expressly dedicated the streets designated on the map to the public." *Young v. Sweetbriar,* 222 Ga. 262, 265 (149 SE2d 474). Accord, *Lee v. Warren,* 230 Ga. 165 (195 SE2d 909); *Stanfield v. Brewton,* 228 Ga. 92 (184 SE2d 352); *Carroll v. DeKalb County,* 216 Ga. 663 (119 SE2d 258); *Savannah Beach, Tybee Island v. Drane,* 205 Ga. 14 (52 SE2d 439); *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349).

The plats as recorded were admitted into evidence to show the identification of the lands and roads.[1] And, both of the plaintiffs' deeds, which were also accepted into evidence, refer to the recorded plats of the Mountain View Lake Estates subdivision. The defendants offered no evidence to rebut this presumption. In light of these uncontroverted facts and in keeping with the authority cited above, we find as a matter of law that the roads were expressly dedicated to the public.

The duty of the county to repair the roads, however, does not arise unless the roads are accepted. At trial, Mrs. Sylvia Cooper an employee of the Hall County Commissioners testified that there was no record on the minutes of the board of commissioners of the board ever having expressly accepted the roads in the Mountain View Lake Estates subdivision as county roads. *Parsons v. Trustees of Atlanta University,* 44 Ga. 529. See *Jones v. Bank of Cumming,* 131 Ga. 614 (63 SE 36). Therefore, the acceptance of the dedication if at all, must have been implied. *Lowry v. Rosenfeld,* 213 Ga. 60 (96 SE2d 581); *Hyde v. Chappell,* 194 Ga. 536 (22 SE2d 313); *Atlantic C. L. R. Co. v. Sweatman,* 81 Ga. App. 269 (58 SE2d 553).

The evidence presented by the plaintiffs on the question of implied acceptance of the roads, however, was uncontradicted by any evidence of the defendants. The plaintiffs showed that the planning and health

---

[1]The court admitted these plats only for this limited purpose, and not as evidence of acceptance by the Hall County Commissioners.

departments had approved the plans. They also presented the assistant county road supervisor who testified that pursuant to usual county practice, his supervisor had approved the grading and listed the subdivision roads on the county road book; the county had "based" the roads to prepare them for blacktopping by the developer, and he, himself, had supervised the rebuilding of the blacktop after completion on two different occasions. Another county employee also testified that he had been in charge of a crew that worked the roads regularly in Mountain View Lake Estates, and that he had patched the roads several times. A former county commissioner, who had been on the board at the time, testified that the roads had been accepted after submission of the deed, that all three commissioners agreed to the start of the basing project and knew the roads were being based, that he had personally gone out to inspect the project several times, and that this was the usual procedure after a road dedication was accepted. Defendants did not cross examine this witness.

There is a long line of cases which support the plaintiffs' contention that there has been an implied acceptance of the roads by the county due to the repair and maintenance of the dedicated roads. *Jackson v. Chatham County,* 225 Ga. 641 (170 SE2d 418); *East v. Mayor &c. of Wrightsville,* 217 Ga. 846 (126 SE2d 407); *Carroll v. DeKalb County,* supra; *Lowry v. Rosenfeld,* supra; *Dunaway v. Windsor,* supra; *Hyde v. Chappell,* supra; *Ellis v. Mayor &c. of Hazlehurst,* supra; *Penick v. Morgan,* supra; *Atlantic C. L. R. Co. v. Sweatman,* supra. "And acceptance of property set aside by the owner to a public use will be implied where it is improved and maintained for such use by authorized public officials out of tax funds." *Lowry v. Rosenfeld,* supra, p. 63. Accord, *East v. Mayor &c. of Wrightsville,* supra. "Any improvements or repairs done on the street by the public authorities in recognition of the dedication of a defined strip of land for a street may be regarded as acceptance of the dedication." *Ellis v. Mayor &c. of Hazlehurst,* supra, p. 184.

In *Lowry v. Rosenfeld,* supra, similar facts were presented by the defendants as to the implied acceptance of a paved area as a municipal parking lot. Since the

defendant proved by undisputed evidence that the county had maintained and repaired the area and had assumed control over it, this court held that it was an abuse of discretion for the trial court to enjoin the defendant from parking there. Similarly, though the burden of proof here is greater, the trial court erred in failing to grant a judgment notwithstanding the verdict in the case at bar where the plaintiffs' evidence was overwhelming and uncontroverted that the county not only had supervised and based the roads during construction, which was general practice in accepting county roads at the time, but also had maintained and repaired the roads for two years thereafter.

Ordinarily a question of this sort would be for the jury to decide. *Penick v. Morgan,* supra. But, when the party opposing the motion is given the benefit of every inference to be drawn and the benefit of all reasonable doubts, and there is still no substantial issue of fact to be drawn from the evidence, whether that evidence be circumstantial or direct, the court must grant a directed verdict. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408). Such is the evidence in this case. The defendants presented no evidence at all to counter the clear and unrebutted evidence of the plaintiffs as to the care and maintenance of the roads.

The uncontroverted facts of this case clearly and unequivocally establish as a matter of law both express dedication of the roads to the public use by the developers of the Mountain View Lake Estates subdivision, and implied acceptance by the county commissioners. It was, therefore, error for the trial court to fail to grant a judgment notwithstanding the verdict and to refuse to issue the mandamus.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED JUNE 9, 1975 — DECIDED SEPTEMBER 11, 1975 — REHEARING DENIED OCTOBER 1, 1975.

*Johnson & Casper, Michael R. Casper,* for appellants.

*Greer, Sartain & Carey, Tifton S. Greer, Stanley F. Birch, Jr.,* for appellee.

JORDAN, Justice, dissenting.

In my view, the evidence relating to a "guardhouse" at the entrance to this subdivision manned from time to time by armed guards was sufficient to create a jury issue on the question of dedication and acceptance of the roads for public use. In my opinion a dedication cannot be partial or restrictive in any manner but must be for the use of the entire "public." The evidence authorized the jury's verdict that there had been no dedication and acceptance of these roads for "public" use. I therefore dissent.