53464. GOAD v. L & W SUPPLY CORPORATION.

STOLZ, Judge.

The appellee sued the appellant on open account for $8,730.53, the amount owing on building supplies. The appellant did not contest the amount of the debt, but

claimed that it was owed by his corporation and not by the appellant, Roger Goad, as an individual. The jury returned a verdict in the appellee's favor for $2,569.89. A judgment notwithstanding the verdict was rendered for the full amount of the debt, $8,730.53, plus interest, and the appellant appeals.

The appellee is a supplier of building materials. The appellant, Roger Goad, is a drywall contractor. In April, 1973, Mr. Goad opened an account with the appellee, and they did an active trade for over a year.

On April 1, 1974, Goad Drywall, Inc. was formed. There is evidence that the appellee learned of this incorporation as soon as early May, 1974 and that after his incorporation Mr. Goad paid all of his debts to the appellee by company check. However, it is uncontested that Mr. Goad never requested that his account be changed from an individual to a corporate account. All invoices were made to Mr. Goad as an individual. Never did Mr. Goad complain that the bills or invoices were incorrect.

In July, 1974, with the advent of hard times in the building community, the appellee ceased dealing with Mr. Goad on a credit basis. Suit was later brought for the $8,730.53 due on Mr. Goad's account. The sole question for jury consideration was whether the debt was owed by Mr. Goad or by his corporation. A jury verdict was returned for $2,569.89, the jury apparently believing that Mr. Goad owed part of the debt and that the corporation owed the remainder. A judgment notwithstanding the verdict was entered for the full amount due and owing.

We must affirm the judgment of the court below. There is no evidence from which a jury could conclude that Goad Drywall, Inc., owed anything to the appellee. Simply because Mr. Goad formed a corporation, it was not required that all businesses would automatically cease to deal with Mr. Goad as an individual and begin to deal instead with the corporation. All of the evidence indicates that the appellee intended at all times to deal with Mr. Goad as an individual — not with his limited liability company. In fact, the appellee's unrebutted testimony shows that if Mr. Goad had requested to transfer his account to the corporation, the appellee's credit policy

would have required Mr. Goad personally to guarantee his company's debts. Thus, the trial judge did not err in granting a judgment n.o.v. See *Ross v. Hall County Bd. of Commissioners,* 235 Ga. 309 (219 SE2d 380) (1975); *Interstate Life &c. Co. v. Upshaw,* 134 Ga. App. 394 (214 SE2d 675) (1975); *Chrysler Corp. v. Wilson Plumbing Co.,* 132 Ga. App. 435 (5) (208 SE2d 321) (1974).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 4, 1977 — DECIDED FEBRUARY 25, 1977.

*Flournoy & Still, Richard H. Still,* for appellant.
*David U. Crosby,* for appellee.