35612. WIGGINS et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.
35613. B. F. SAUL REAL ESTATE INVESTMENT TRUST et al. v. WIGGINS et al.
35614. WIGGINS et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.

PER CURIAM.
On February 14, 1975, Wiggins & Company, Inc., et al. (hereinafter — the Wiggins Group) sold property located in Cobb County to Vaughn & Co., Ltd. On February 17, 1975, the Wiggins Group recorded a deed to secure debt which Vaughn & Co., Ltd. (hereinafter called Vaughn) had executed to secure its promissory note for the deferred portion of the purchase price of said property. Finally, on June 7, 1977, following default by Vaughn on its promissory note, the Wiggins Group obtained a judgment against Vaughn, levied on the property, successfully bid for the property at a sheriff's sale and received a sheriff's deed to the same.

During the interim between the Wiggins Group's filing of the deed to secure debt and the Wiggins Group's receipt of the sheriff's deed, Vaughn, as equitable owner in possession, built a road across the property (Circle 75 Parkway) which became the subject of the following claims adverse to the Wiggins Group's title under the sheriff's deed:

I. The claim of Cobb County that it owns the road by virtue of the road's having been dedicated to said county by Vaughn;

II. The claim of the B. F. Saul Real Estate Investment Trust (hereinafter — the Saul Trust) that it owns an easement of use and maintenance over the road by virtue of a cross easement declaration executed and recorded in June of 1975 by Vaughn; and

III. The claim of Southern Bell that it owns a utility easement along the western edge of the road by virtue of a grant of the same by Vaughn.

The Wiggins Group brought an action to quiet title (Code Ann. § 37-1411) against the stated adverse claims, and the trial court entered three orders. Since each of these orders is the subject of an appeal by one or more litigants, we shall review the three orders, and the appeals arising therefrom, seriatim.

1. Regarding the dispute between the Wiggins Group and Cobb County, the trial court granted partial summary judgment for Cobb County on the ground that the deed to secure debt unambiguously authorized Vaughn to dedicate the road to Cobb County *without payment of a release price,* but declined to grant total summary judgment for Cobb County on the ground that a question of fact remained whether dedication was actually accomplished.

The Wiggins Group appeals the trial court's grant of partial summary judgment for Cobb County and Cobb County appeals the trial court's refusal to grant total summary judgment on its behalf.

The undisputed evidence demonstrates that Vaughn defaulted on its promissory note to the Wiggins Group without having paid a release price for any of the property covered by the deed to secure debt. Further, said evidence establishes that the Wiggins Group did not make any statements, nor take any action, so as to grant to Cobb County any right in the road. Thus, any dedication of the road to Cobb County by Vaughn was terminated upon the Wiggins Group's receipt of the sheriff's deed unless the deed to secure debt, under which Vaughn held equitable title to the property at the time of the alleged dedication, authorized Vaughn to dedicate the road without the payment of a release price to the Wiggins Group. *Uvalda Naval Stores Co. v. Cullin,* 165 Ga. 115 (139 SE 810) (1927); Code Ann. § 29-401.1.

"The construction of a contract . . . being a question of law for the court, as well as a duty that rests upon the court, there can be no ambiguity within the [parol evidence rule], unless and until an application of the pertinent rules of interpretation leaves it really uncertain which of the two or more possible meanings represents the true intention of the parties." *Dorsey v. Clements,* 202 Ga. 820, 823 (44 SE2d 783) (1947).

The deed to secure debt between Vaughn and the Wiggins Group reads, in relevant part, as follows: (1) "Grantor [Vaughn] . . . does grant, bargain, sell, alien, convey and confirm unto the said grantee [the Wiggins Group], [the property in Cobb County]"; (2) "*grantor* reserves the right, without payment of any release price and without the consent of grantee, to grant such easements as grantor deems appropriate in order to attain sewer, water, gas, electricity and other utilities services for the property, and further *reserves the right,* without the consent of grantee, *to* engineer, plan, *dedicate* and design *streets and roads.*" (3) "grantee agrees to release portions of the property from the security title hereof by executing and delivering to grantor quit claim deeds covering the portion so released on the following terms and conditions: (a) [payment of a release price]; (b) Grantor shall have the right to select all parcels to be released; provided, however, that after each such release there shall remain subject to this deed to secure debt no separate parcel of the property which contains less than 2-1/2 acres or is less than 200 feet in width, or has less than 200 feet of frontage on an improved paved road at least 30 feet wide which constitutes an integral part of the road system improvements on the property, and which ultimately connects to Windy Hill Road. *Provided further that upon the release of any portion of the property upon which construction of road improvements has commenced, or upon commencement of road improvements on any portion of the property previously released,* Grantor shall deed to Grantee a non-exclusive easement over, across and through all such road improvements and in favor of the unreleased portions of the property, for the purpose of pedestrian and vehicular ingress and egress to and from the unreleased portions of the property."

Citing the underlined language of Section 3(b) in the preceding paragraph, the Wiggins Group argues that the clear intent of the parties was that Vaughn not be authorized to convey any interest in property upon which construction of road improvements had commenced without first having paid the stipulated release price to the Wiggins Group.

We note, however, that the underlined language of Section 2 in the same preceding paragraph reserves to Vaughn, as grantor of the security deed, the right to dedicate roads. Under the release provisions of the deed to secure debt, Vaughn could have dedicated property for which the release price had been paid without any independent reservation of the right to do so. Thus, unless the reserved right to dedicate roads is interpreted to be free of the deed's release provisions, its inclusion in the deed to secure debt is meaningless.

It is a well established rule of contract interpretation that the construction which will uphold a contract in whole and *in every part* is to be preferred, and the whole contract should be looked to in arriving at the construction of any part. Code Ann. § 20-704(4).

We note that the dedication of property can consist of the dedication of either an estate in, or an easement across, the dedicated property (*Jackson v. Rogers,* 205 Ga. 581, 586 (54 SE2d 132) (1949)), and that a dedication of only an easement across the property does not deprive the holder of legal title of his estate in the property; rather, said holder retains his estate for every purpose of user and profit not inconsistent with the easement. *Brown v. City of East Point,* 148 Ga. 85 (95 SE 962) (1918).

Thus, the underlined language of Sections 3(b) and 2 is capable of the following harmonious construction: The deed to secure debt authorized Vaughn to convey *an estate in the property* only after Vaughn's payment of a release price to the Wiggins Group, but authorized Vaughn to convey *an easement across the property* without Vaughn's payment of a release price.

Accordingly, we affirm the trial court's grant of partial summary judgment for Cobb County on the ground that Vaughn was unambiguously authorized by the deed to secure debt to convey an easement across the

property without the payment of a release price to the Wiggins Group.

Having reviewed the evidence before this court, however, we must affirm the trial court's ruling that a genuine issue exists regarding the material fact of dedication.

2. Regarding the dispute between the Wiggins Group and the Saul Trust, the trial court granted total summary judgment for the Saul Trust on the grounds that the deed to secure debt unambiguously authorized Vaughn to grant the Saul Trust a permanent easement of use and maintenance regarding the road, and that Vaughn did in fact grant such an easement by means of the cross easement declaration.

The Wiggins Group appeals the trial court's grant of summary judgment for the Saul Trust.

The undisputed evidence demonstrates that Vaughn executed and recorded, in June of 1975, a cross easement declaration which granted an easement of use and maintenance regarding the road as follows: "Vaughn does hereby establish and give, grant and convey to each and every person, firm or corporation hereafter owning any portion of the property and to any holder of a deed to secure debt on the property and to all tenants, employees, visitors, invitees, customers, suppliers, or other users of the property a mutual reciprocal and nonexclusive permanent easement license, right and privilege of passage and use, both pedestrian and automotive, for the purpose of ingress and egress, as well as the use, maintenance, repair and replacement thereof, upon and over the property, which permanent easement is specifically set forth and described . . . as a proposed road, and to be known as Circle 75 Parkway . . . [Further, said easement shall be] for the purpose of inspection, maintenance and replacement of all utility lines and facilities now or hereafter located in or on the property or any portion thereof."

Thus, the sole issue before this court, in reviewing the trial court's grant of summary judgment for the Saul Trust, is whether Vaughn was unambiguously authorized by the terms of the deed to secure debt to grant the above easement. The trial court found that the grant was so

authorized. We agree.

The specific portion of the deed to secure debt relied upon by the trial court in granting the Saul Trust's motion for summary judgment reads as follows: "Grantor reserves the right without payment of any release price and without any consent of grantee, to grant such easements as grantor deems appropriate in order to obtain sewer, water, gas, electricity, or other utility services for the property . . ."

We note that the release provisions of the deed to secure debt provide that *"in the event that Grantor grants easements for sewer, water, gas, electricity and other utility services for the property or in the event that Grantor commences construction of facilities to provide sewer, water, gas, electricity and other utility services to any portion of the property,* then Grantor shall immediately deed to Grantee such non-exclusive easements over, across, through, and under any released portion of the property, in favor of the unreleased portions of the property, as may be necessary to permit Grantee, at Grantee's sole cost and expense, to tap into, connect with, utilize and maintain all such utilities."

Reading the language relied upon by the trial court in granting summary judgment to the Saul Trust in conjunction with the language quoted here from the release provisions of the deed, we interpret the former to reserve to Vaughn *the right to grant* such *easements for* sewer, water, gas, electricity and other *utility services for the property* as Vaughn deemed appropriate.

The easement of use and maintenance regarding the road which Vaughn granted to the Saul Trust under the cross easement declaration is simply not an easement for utility services for the property, and thus is not authorized by that part of the deed to secure debt relied upon by the trial court.

We note, however, that the right to do the greater necessarily implies the right to do the lesser. Therefore, Vaughn's grant *to the Saul Trust* of an easement of use and maintenance regarding the road is unambiguously authorized by Vaughn's reserved right to dedicate *to the public* an easement of passage across the property without the payment of a release price. (See Division 1 of this

opinion).

The trial court's grant of summary judgment for the Saul Trust is affirmed.

3. Finally, regarding the dispute between the Wiggins Group and Southern Bell, the trial court granted total summary judgment to Southern Bell on the ground that the Wiggins Group was estopped from pursuing the remedy of ejectment or injunction against Southern Bell.

The Wiggins Group appeals the trial court's grant of summary judgment for Southern Bell.

The undisputed evidence demonstrates that, despite notice that Southern Bell was installing equipment along the western edge of the road as early as spring of 1975, the Wiggins Group took no legal action against said installation until its filing of the present cause of action against Southern Bell on January 9, 1978. Further, said evidence demonstrates that Southern Bell is a public utility with the power of eminent domain and that by November 5, 1977, Southern Bell had placed across the Wiggins Group's property approximately 1,700 cable pairs which provided service to the public, and that Southern Bell's plant investment on said property amounted to approximately $233,913.

"If a landowner stands by and permits, without legal objection, a public utility company to appropriate his land to its necessary corporate use until such becomes a necessary and constituent part of its service to the public, and the rights of the public intervene to such extent that to oust the company would interrupt the service and deny it to the public, the landowner, not for the protection so much of the company but for the benefit of the public, will be estopped from recovering the land in ejectment or from enjoining its use for the service, *but will, if he moves in time, be remitted to an appropriate action for damages." Waldrop v. Ga. Power Co.,* 233 Ga. 851, 853 (213 SE2d 847) (1975).

Accordingly, while we affirm the trial court's ruling that the Wiggins Group does not hold title in the property over which Southern Bell claims a utility easement so as to support either the remedy of ejectment or injunction against Southern Bell, we reverse the trial court's grant of summary judgment on Southern Bell's behalf and remand

for adjudication the following issue which is still before the trial court by virtue of the Wiggins Group's quiet title action: Does the Wiggins Group hold title in the property over which Southern Bell claims an easement so as to support a cause of action for the remedy of damages?

*Judgment affirmed in part; reversed in part. Undercofler, C. J., Nichols, Hill, Bowles and Marshall, JJ., and Judge Charles L. Weltner, concur. Jordan, P. J., dissents. Clarke, J., not participating.*

ARGUED NOVEMBER 20, 1979 — DECIDED MARCH 13, 1980 — REHEARING DENIED MARCH 26, 1980 IN CASE NOS. 35612, 35614.

*Long, Aldridge, Heiner, Stevens & Sumner, S. Phillip Heiner, Clay C. Long, David M. Ivey, Dupree & Staples, Hylton B. Dupree, Jr.,* for appellants (Case Nos. 35612, 35614).

*J. Billie Ray, Jr., Awtrey, Parker, Risse, Mangerie & Dozier, Dana L. Jackel, Ben F. Smith, John A. Sherrill, Grant Brantley, Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General, O. Jackson Cook, Shaw, Pittman, Potts & Trowbridge, Robert B. Robbins,* for appellees (Case Nos. 35612, 35614).

*Ben F. Smith, Leslie A. Nicholson, Jr., Robert B. Robbins, Awtrey & Parker, L. M. Awtrey, Jr., Sidney Parker, Dana L. Jackel,* for appellants (Case No. 35613).

*John A. Sherrill, Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General, Hylton B. Dupree, Jr., S. Phillip Heiner, David M. Ivey, Bruce B. Blackwell, J. Billie Ray, Jr., O. Jackson Cook,* for appellees (Case No. 35613).