### 37246. HOBBS et al. v. WARE COUNTY et al.

UNDERCOFLER, Justice.

Several residents of the Riverside Park subdivision in Ware County sought to enjoin the county from opening a street shown on their subdivision plat, but never opened. The trial court denied temporary relief and the residents appeal. We affirm.

Riverside Park subdivision was platted in 1906 and a copy of the plat was recorded in the county courthouse. The plat shows a street called Ware Street running between Blocks 14 and 15 of the subdivision, but the street has never been opened to or used by the public. Several lot owners, however, have used part of the street at both ends as driveways. In addition, the land set aside for the street has been used for agricultural and recreational purposes as well as for dog and horse pens. There is evidence that the county pushed some dirt to grade the above-mentioned driveways and has maintained a drainage ditch which crosses the street, but has otherwise not worked the street in any manner.

1. The recording of a subdivision plat raises a presumption of express dedication to the public. E.g.: *Ross v. Hall County Bd. of Commrs.,* 235 Ga. 309 (219 SE2d 380) (1975); *Young v. Sweetbriar, Inc.,* 222 Ga. 262 (149 SE2d 474) (1966); *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349) (1929). The mere fact that the plat has only the engineer's name on it and not that of the owner or developer does not change this result.

2. The property owners argue, however, that the county has never accepted the dedication and has no right after seventy-five years to open the road. The county has never expressly accepted the road by formal action. *Parsons v. Trustees of Atlanta University,* 44 Ga. 529 (1871). Nor, under these facts, has there been implied acceptance of the road by improvement and maintenance. *Ross v. Hall County Bd. of Commrs.,* supra; *Jackson v. Chatham County,* 225 Ga. 641 (170 SE2d 418) (1969); *Lowry v. Rosenfeld,* 213 Ga. 60 (96 SE2d 581) (1957); *Hyde v. Chappell,* 194 Ga. 536 (22 SE2d 313) (1942).

In *Ellis v. Mayor &c. of Hazlehurst,* 138 Ga. 181, 184 (75 SE 99)

(1912), the difference is noted between acceptance of an expressly dedicated street and an impliedly dedicated street. "Where the extent of the grant is defined by the landowner himself in his statement making an express dedication to a municipality, it is not necessary that the public authorities should work the entire street within the confines of the grant, to make effectual the act of acceptance. Any improvements or repairs done on the street by the public authorities in recognition of the dedication of a defined strip of land for a street may be regarded as an acceptance of the dedication. 1 Elliot on Roads and Streets, §§ 167, 168, 169. The distinction should be noted between acts of user when solely relied on to raise an implication of dedication, and acts of user as evidencing an acceptance of an express dedication. In the former case a dedication will not be implied beyond the use (*Swift v. Lithonia,* 101 Ga. 706, 29 SE 12 (1897)), while in the latter the dedicator has definitely fixed the limits of the land dedicated to public use, and proof of *any acts by the public authorities, done in recognition of the offer of dedication, will be sufficient to imply an acceptance* of the dedication." (Emphasis supplied.) Accord, *Adams v. Richmond County,* 193 Ga. 42 (17 SE2d 184) (1941), *Lastinger v. Town of Adel,* 142 Ga. 321 (82 SE 884) (1914).

Under this rule, since there has been an express dedication of the streets of the Riverside Park subdivision by recording the subdivision plat, an acceptance of any part of the streets of the subdivision would be an implied acceptance of all of them. *Young v. Sweetbriar, Inc.* supra. The fact of the passage of seventy-five years does not alter this fact. Prescription cannot run against the State or one of its subdivisions. "Accordingly it must be held that where a street or road has been dedicated to the public and accepted by the proper authorities of the county, no possession by a private individual of a part thereof can ripen into prescription. It follows that no character of possession, for no matter how long, of a portion of the dedicated strip . . . which commenced after the time that the county manifested its acceptance of the dedication, could give him any right to interfere with the use thereof by the county for public purposes." *Adams v. Richmond County,* supra at p. 50.

The trial court did not err in refusing to grant a temporary injunction to the property owners.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 7, 1981.

*Jimmy J. Boatright,* for appellants.

*C. Edwin Rozier,* for appellees.