S98A0785. KETCHUM et al. v. WHITFIELD COUNTY et al.
(508 SE2d 639)

HINES, Justice.

Plaintiff property owners, Ketchum and Foster, appeal from the denial of their petition for a permanent injunction in a dispute with Whitfield County over a 60 by 40 foot tract of land which begins at the end of the existing portion of Oak Hill Road and divides the plaintiffs' properties. Plaintiffs filed suit to prevent Whitfield County from opening the remaining portion of Oak Hill Road. They allege that they hold prescriptive title to the land. Defendant Whitfield County contends that the property in question was dedicated by the plaintiffs' grantors to the county for the purpose of creating Oak Hill Road. We affirm the denial of permanent injunctive relief because Whitfield County holds title by express dedication.

The plaintiffs' grantors, Looper and Swan, deeded Oak Hill Road and LeeJoan Drive to Whitfield County in 1960. The roads were described in the deed as:

> Two (2) roads with a width of 40 feet each, Oak Hill Road, and LeeJoan Drive, more particularly described as follows: Oak Hill Road entersects [sic] Haig Mill Road, and starts at the south east corner of the Robert C. Wilkins tract; thence northerly; LeeJoan Drive entersects [sic] Oak [H]ill Road and runs easterly to a road which also entersects [sic] Haig Mill Road, these two roads located in Land Lot #86, in the 12th. District, 3rd. Section of Whitfield County, Georgia.

Also in 1960, Looper and Swan conveyed a tract of land to Cantrell.[1] Cantrell divided the tract and sold a portion to Ketchum in 1961. The Ketchum deed described the tract in pertinent part:

> Beginning at an iron stake on the east side of Oak Hill Road, being the northwest corner of the Lloyd S. Cantrell land; thence north 22 [d]egrees, 50 minutes west along the east side of Oak Hill Road a distance of 180 feet to an iron stake on the north original line of land Lot Number 86 . . . .

In 1964, Looper sold a parcel to Foster described in relevant part as:

> Beginning at an iron stake located on the north line of Land Lot 86, 12th District, 3rd Section, Whitfield County, Georgia . . . . thence east along said original line a distance of 150 feet to an iron stake; thence southerly along the west side of Oak Hill Road a distance of 200 feet to an iron stake . . . .

Whitfield County maintains the existing portion of Oak Hill Road, which runs in a northerly direction from Haig Mill Road, crosses LeeJoan Drive and divides the Ketchum property, east of the road, from the Foster property, west of the road. Oak Hill Road currently terminates at the Ketchum and Foster driveways, 60 feet from the boundary between land lot 86 and land lot 67. The boundary between land lot 86 and land lot 67 serves as the northern border for both the Ketchum property and the Foster property.

The superior court concluded that the legal description of Oak Hill Road contained in the 1960 deed to Whitfield County was insufficient, and thus, could not effect an express dedication, but that there was clearly an implied dedication of the disputed property by Looper and Swan and acceptance by the county. However, a perfect legal description is not required in order to find an express dedication stemming from the 1960 deed to the county. "If [the] description is ambiguous but sufficient to furnish a key to the boundary, extrinsic evidence may be used to correctly apply the description to the true boundary intended by the parties." *Walker v. Hill,* 253 Ga. 126, 129 (1) (317 SE2d 825) (1984), citing *Miller v. Rackley,* 199 Ga. 370 (1) (34

---

[1] The deed described the parcel of land as follows:
Beginning at an iron stake on the east side of Oak Hill Road, being the north west corner of the Lloyd S. Cantrell land; thence north 22°, 50 minutes west along the east side of Oak Hill Road a distance of 180 feet to an iron stake on the north original line of Land Lot Number 86; thence east along the north original line a distance of 150 feet to an iron stake; thence southerly a distance of 177 feet, More or Less, to the north east corner of the Lloyd S. Cantrell land; thence westerly a distance of 150 feet along the north line of the Lloyd S. Cantrell land to point of beginning, being in Land Lot Number 86, 12th, District, 3rd Section, Whitfield County, Ga.

SE2d 438) (1945). See also *Murdock v. Ward*, 267 Ga. 303, 304 (1) (477 SE2d 835) (1996) and *Wisener v. Gulledge*, 251 Ga. 419, 420 (306 SE2d 642) (1983) (extrinsic evidence admissible to show the precise location and boundaries of tract).

The dedication deed contains numerous keys to the intended location of Oak Hill Road in its entirety. The deed describes Oak Hill Road as having a width of 40 feet; the deed provides that Oak Hill Road intersects Haig Mill Road; it establishes the starting point of Oak Hill Road "at the south east corner of the Robert C. Wilkins tract"; the deed provides that Oak Hill Road runs in a "northerly" direction; it describes an intersection between Oak Hill Road and LeeJoan Drive; and the deed locates Oak Hill Road in land lot 86 of the 12th district, 3rd section of Whitfield County. What is more, the extrinsic evidence of the Ketchum and Foster deeds supports the finding that the original conveyance of Oak Hill Road to Whitfield County included the disputed property. In both later instruments, Oak Hill Road, including the portion in question, expressly serves as a boundary for each tract.

When there is an express dedication of real property to the county for public use, the land must be accepted by the county before it becomes a county road. *Ross v. Hall County*, 235 Ga. 309, 310 (219 SE2d 380) (1975). But in the case of an express, rather than an implied, dedication by the landowner, "it is not necessary that the public authorities should work the entire street within the confines of the grant, to make effectual the act of acceptance. Any improvements or repairs done on the street by the public authorities in recognition of the dedication of a defined strip of land for a street may be regarded as acceptance of the dedication." *Hobbs v. Ware County*, 247 Ga. 385, 386 (2) (276 SE2d 575) (1981). Whitfield County accepted the dedication of Oak Hill Road by working and maintaining the existing part of the roadway. The fact that Ketchum and Foster have used the remainder of the allocated land for their own purposes does not alter this, for prescription does not run against the State or one of its subdivisions. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1998 —
RECONSIDERATION DENIED NOVEMBER 20, 1998.

*David J. Blevins,* for appellants.
*McCamy, Phillips, Tuggle & Fordham, Charles L. Daniel III,* for appellees.