S08A0025. HARBUCK v. HOUSTON COUNTY et al.

(662 SE2d 107)

BENHAM, Justice.

In 1999, Bonnie Harbuck purchased and built a home on Lot 4, Block "A" of a subdivision called Ashley Oaks in Houston County.

Great Oak Way is a road that runs alongside the front of Harbuck's property. In 2006, appellee Governor's Estate, LLC ("Governor's Estate") began developing land adjacent to Harbuck's property. As part of the development, Governor's Estate sought to complete the unpaved portion of Great Oak Way to provide access to its development. Harbuck filed a petition to establish title to the unpaved portion of Great Oak Way. A special master ruled that appellees Houston County and Governor's Estate were entitled to notice of the action and they became parties. In his recommendation to the trial court, the special master found that Harbuck could not sue a subdivision of the state for adverse possession and that Harbuck did not have color of title. The special master also found that, to avoid dismissal, Harbuck would have to show that the right of way was never dedicated, that Houston County failed to accept the dedication, or that Houston County abandoned the right of way. The special master left these issues to the trial court for disposition. After the special master's report was issued, appellees moved for summary judgment. The trial court granted the motion for summary judgment, finding there were no issues of fact concerning color of title, dedication and acceptance, or abandonment.

On appeal, Harbuck contends that it was erroneous for the trial court, as opposed to the special master, to rule on the motions for summary judgment, that appellees lacked standing, and that the trial court erred in failing to recuse the special master. Finding no error, we affirm.

1. Harbuck's assertion that only the special master had jurisdiction to consider and rule upon appellees' motions for summary judgment is without merit. In quiet title actions, a special master exercises jurisdiction to "ascertain . . . the validity . . . of petitioner's title" (OCGA § 23-3-66), but there is no authority divesting the trial court's overall jurisdiction of the case. *Eardley v. McGreevy*, 279 Ga. 562, 564-565 (2) (615 SE2d 744) (2005) ("in submitting a quiet title case to a special master, the trial court does not cede jurisdiction to render a final decision"); *Heath v. Stinson*, 238 Ga. 364 (233 SE2d 178) (1977) (special master could not grant summary judgment because OCGA § 23-3-67 gives only the trial court authority to issue the final decree). Therefore, it was not reversible error for the trial court to consider and rule upon appellees' motions for summary judgment which finally terminated the action.

2. Similarly, Harbuck's contention that appellees lack standing is unsubstantiated. The special master, pursuant to OCGA § 23-3-65 (a) (1), determined that appellees Houston County and Governor's Estate, among others, were entitled to notice of appellant's quiet title action. Houston County and Governor's Estate filed pleadings in the action in accordance with OCGA § 23-3-65 (c) and established

their interests in the proceeding. Houston County had a direct interest in the proceeding because the subdivision owner expressly dedicated all streets delineated in the recorded subdivision plat, including Great Oak Way, to public use.[1] Governor's Estate also had a stake in the outcome of the case because of its interest in paving the remainder of Great Oak Way to provide access to its new development. This interest in the quiet title action was sufficient to invoke the standing of appellees as possible adverse claimants of which Harbuck had actual or constructive notice. See *Resseau v. Bland*, 268 Ga. 634 (1) (491 SE2d 809) (1997).

3. On the merits, Harbuck argues that the right of way was never dedicated to Houston County. In support of this contention, she cites language from a copy of a plat she received at her 1999 closing, but which was never recorded by the developer.[2] The language states: "where dead ends occur during development temporary turn-arounds to be installed, if no future development within 14 months turn-arounds to be paved at the Developer's expense with all necessary utilities and easements to be dedicated to Houston County." Harbuck argues the right of way was never dedicated because it was left unpaved. A plain reading of this passage from Harbuck's unrecorded plat document, however, neither retracts nor obviates the presumption of express dedication created by the recorded subdivision plat survey which dedicated "to public use all areas shown or indicated on [the] plat as streets, alleys, easements, or parks." See *Hobbs v. Ware County*, 247 Ga. 385 (2) (276 SE2d 575) (1981) (the recording of a plat dedicating roads to the public creates a presumption of express dedication); *Ketchum v. Whitfield County*, 270 Ga. 180 (508 SE2d 639) (1998) (county held title to land by express dedication). Therefore, the trial court correctly determined there was no issue of fact in regard to dedication.

Likewise, we conclude the trial court correctly determined there was no issue of fact regarding the county's acceptance of the dedication.

> [I]t is not necessary that the public authorities should work the entire street within the confines of the grant, to make effectual the act of acceptance. Any improvements or re-

---

[1] In support of her standing argument, Harbuck relies on a typographical error in Houston County's answer to her complaint to allege that Houston County made an admission that it did not accept the dedication of the right of way. The trial court ultimately was not persuaded by this argument as it found no issue of fact in regard to acceptance. Even if such admission were found to be valid, it would not divest Houston County of standing in the proceeding, but would go to the merits.

[2] The document contained an incorrect plat reference and was labeled "NOT FOR RECORDING."

pairs done on the street by the public authorities in recognition of the dedication of a defined strip of land for a street may be regarded as acceptance of the dedication.

*Hobbs v. Ware County*, 247 Ga. at 386; *Ketchum v. Whitfield County*, 270 Ga. at 182. Here, the unpaved section of the right of way to which Harbuck claims color of title is in fact the continuation of Great Oak Way, a street that was expressly dedicated and has been accepted by the county's acts of partially paving and maintaining the street. Id.

Because we affirm the trial court's ruling that there was no issue of fact regarding dedication or acceptance, it is impossible for Harbuck to prove abandonment for twenty years as provided in OCGA § 44-9-6 because the subdivision plat containing the express dedication was recorded in 1996. Since there was no abandonment by Houston County, the trial court was also correct in finding no issue of fact existed concerning color of title as it was irrelevant.

4. Finally, Harbuck contends that the trial court erred when it denied her motion to recuse the special master. Harbuck based her motion for recusal on the fact that in 2005, the special master, along with two other individuals, deeded land unrelated to this action to appellee Governor's Estate. This single, unrelated transaction does not rise to a level sufficient to show bias worthy of granting a motion to recuse. *Wellons v. State*, 266 Ga. 77, 88 (18) (463 SE2d 868) (1995) (to prevail on a motion to recuse, a party must show that the judge harbored a bias stemming from an extrajudicial source that was "of such a nature and intensity that it would impede the exercise of impartial judgment"); *Ware v. Henry County Water & Sewerage Auth.*, 258 Ga. App. 778, 782 (2) (575 SE2d 654) (2002) ("The alleged bias of the judge which would warrant a recusal must be of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment. . . . [Cit.]"). Since there was no conflict of interest warranting recusal, the trial court did not err and we affirm the trial court's grant of summary judgment to appellees.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2008 —
RECONSIDERATION DENIED JUNE 30, 2008.

*Bonnie M. Smith*, for appellant.

*G. E. Bo Adams, Arthur H. Clarke, Jr., O'Neil, Long & Hall, Michael J. Long, Wade & Elliott, James E. Elliott, Jr.,* for appellees.